**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 1, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANGELA SCHMID,

    Defendant - Appellant.

No. 21-1402
(D.C. No. 1:18-CR-00202-CMA-GPG-2)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Angela Schmid pleaded guilty to distributing five grams or more of methamphetamine.  Her plea agreement required her to waive her right to appeal.  Yet she has filed this appeal.[1]  The government moves to enforce the appeal waiver and to dismiss the appeal.  *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).  Ms. Schmid opposes the motion.  We grant it.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Ms. Schmid represents herself, so we construe her filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope; (2) the defendant waived the right to appeal knowingly and voluntarily; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Id.* at 1325.

***Scope of the waiver.*** Ms. Schmid would argue on appeal that the district court should have held a hearing on her claim of prosecutorial misconduct. She also would challenge the denials of her motion for "permission to submit a global Statement of Facts," R. vol. 1 at 19, her motion to continue trial, her motion to withdraw her guilty plea, and her motion to dismiss. These issues all fit within the scope of her waiver of "the right to appeal any matter in connection with this prosecution, conviction, or sentence."[2] Mot. to Enforce, Attach. 1 at 2.

Ms. Schmid's arguments do not show otherwise. She points to a provision of her plea agreement permitting her to seek "relief otherwise available in a collateral attack" on the ground that she "was prejudiced by prosecutorial misconduct." *Id.* But this is not a collateral attack; it is a direct appeal. And, contrary to Ms. Schmid's contention, the fact that the district court denied her motion to dismiss after she entered her plea does not remove that ruling from the scope of her appeal waiver. *See Hahn*, 359 F.3d at 1326 ("It is true that when a defendant waives his right to appeal, he does not know with specificity what claims of error, if any, he is [forgoing].").

---

[2] Ms. Schmid's docketing statement says that she would argue on appeal that Title 21 of the United States Code is unconstitutional as applied to her. But she does not mention this argument in her response to the government's motion to enforce the appeal waiver. In any event, this argument too fits within the scope of the waiver.

***Knowing and voluntary waiver.*** Although Ms. Schmid labels it "irrelevant" whether she entered the plea agreement knowingly and voluntarily, Resp. at 5, she also says that the denial of her motion to continue trial coerced her to plead guilty. Construed liberally, then, Ms. Schmid's response challenges the voluntariness of her plea. And if she "did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand." *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014). She also says that she thought her plea agreement would allow her to pursue a prosecutorial-misconduct claim on direct appeal, a statement we construe as a claim that she did not knowingly waive her right to appeal.

To assess whether a waiver was knowing and voluntary, we typically focus on two factors: "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325. "[E]ither the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *United States v. Tanner*, 721 F.3d 1231, 1234 (10th Cir. 2013) (per curiam). The defendant has the burden to show that a waiver was not knowing and voluntary. *Id.* at 1233.

Ms. Schmid's plea agreement says explicitly that she knowingly and voluntarily waived her right to appeal. During the plea colloquy, she confirmed that

3

the agreement contained an appeal waiver. She said that she understood the consequences of entering a guilty plea. And she denied that anyone forced her to plead guilty or attempted in any way to threaten her to force her to plead guilty. The district court found that she understood the terms of the plea agreement and that she entered her plea knowingly and voluntarily. All of this evidence shows that Ms. Schmid knowingly and voluntarily entered her plea and waived her right to appeal.

The district court did not coerce Ms. Schmid to plead guilty by denying her motion to continue trial. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (internal quotation marks omitted). To be sure, the court's denial of a continuance defined the options available to Ms. Schmid: She had to decide whether to proceed to trial as scheduled and retain the right to appeal any conviction (and, of course, to challenge the ruling on her motion to continue) or whether to plead guilty and waive the right to appeal. But we have no reason to think her choice between those options was involuntary or unintelligent; the plea colloquy shows just the opposite.

Nor has Ms. Schmid shown that she did not knowingly waive her right to appeal. The language of her waiver is clear. That she understood it is reinforced by her statements and the court's findings during the plea colloquy. And this evidence withstands her current claim that she misunderstood the waiver. *See Tanner*,

4

721 F.3d at 1233 ("A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary.").

**Miscarriage of justice.** Ms. Schmid does not contest the government's position on this factor, so we need not address it. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005). That said, we see nothing suggesting that enforcing the appeal waiver will result in a miscarriage of justice, as *Hahn* defines that phrase. *See* 359 F.3d at 1327.

*       *       *

We grant the government's motion to enforce the appeal waiver. We dismiss this appeal.

Entered for the Court
Per Curiam